UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DORSEY W. SUTTON,**

      **Plaintiff,**

v.                                             Case No.  5:23-cv-188-CEM-PRL

**CHARLES R. HOLLOMAN, P.A.,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Dorsey W. Sutton's Civil Rights Complaint ("Complaint," Doc. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the Florida Department of Corrections proceeding *pro se* and was granted leave to proceed as a pauper. (Doc. 9).

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

  Dismissals under 28 U.S.C. § 1915A(b) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

  Plaintiff has filed suit against Charles R. Holloman, P.A., the law firm Plaintiff hired to represent him in a state law case. (Doc. 1 at 2). Plaintiff alleges that Charles Holloman, in his capacity as defense counsel, provided ineffective assistance during his representation by "fail[ing] to perform his contractual duties

which any reasonable defense attorney would have been compelled to follow." (*Id.* at 1–2).

Plaintiff's case is due to be dismissed for failure to state a claim. The Defendant, a private defense attorney, is not a State actor for purposes of suit under § 1983. "To obtain relief under § 1983, [a party] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a State actor for purposes of liability under § 1983. To hold that private parties are State actors, this Court must conclude that one of the following conditions is met: (1) the State coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Even liberally construed, the allegations in the Complaint do not suggest that Plaintiff could meet any of those tests.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.

    2. The Clerk of Court shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2023



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party